IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

GARY RAY WALLER, JR.,                )
                                     )
      Petitioner,                    )
                                     )        CIVIL ACTION NO. 5:20-00869
v.                                   )
                                     )
DAVID L. YOUNG,                      )
                                     )
      Respondent.                    )

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Respondent's "Motion to Dismiss Petition," filed on August 3, 2023. (Document No. 18.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined the record and considered the applicable law, the undersigned has concluded that the Respondent's "Motion to Dismiss Petition" (Document No. 18) should be granted.

**PROCEDURAL HISTORY**

On December 28, 2020, Petitioner, acting *pro se*,[1] filed his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Memorandum in Support arguing that he is entitled to time credit pursuant to the First Step Act of 2018 ("FSA"). (Document Nos. 1 and 2.) As relief, Petitioner requests that the Court direct the BOP to award him his FSA credit of "15 days a month." (Id.) Petitioner paid the $5.00 filing fee on January 11, 2021. (Document No. 5.)

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

By Order entered on January 12, 2021, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 6.) On February 23, 2021, Respondent filed a Response. (Document No. 11.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) Petitioner failed to exhaust his administrative remedies (Id., pp. 2 – 4.); and (2) "Petitioner's request for time credits is premature" (Id., pp. 4 – 13.). As Exhibits, Respondent attaches the following: (1) The Declaration of Destiny Spearen (Document No. 11-1.); (2) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" (Document No. 11-2.); (3) A copy of the "The First Step Act of 2018: Risk and Needs Assessment System" (Document No. 11-3.); (4) A copy of Petitioner's "Inmate History – First Step" dated February 11, 2021 (Document No. 11-4.); (5) A copy of Petitioner's "Inmate Education Data Transcript" dated February 10, 2021 (Document No. 11-5.); (6) A copy of the BOP's "Evidence-based Recidivism Reduction (EBRR) Programs and Productive Activities (PA)" (Document No. 11-6.); (7) A copy of the BOP's "First Step Act – Frequently Asked Questions" (Document No. 11-7.); and (8) A copy of the "Needs Assessment in the Federal Bureau of Prisons, August 2020 Update" (Document No. 11-8.). By Order and Notice entered on February 25, 2021, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 12.) On March 11, 2021, Petitioner filed a Reply. (Document No. 13.)

On August 3, 2023, Respondent filed a "Motion to Dismiss Petition." (Document No. 18.) Specifically, Respondent argues that Petitioner's Petition should be dismissed as moot based upon Petitioner's release from custody. (Id.) By Order and Notice also entered on August 3, 2023, the undersigned notified Petitioner of his right to file a Response. (Document No. 19.) Petitioner,

however, failed to file a Response.

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[2] and the absence of

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on November 17, 2021.

collateral consequences, and therefore, his Section 2241 Petition must be dismissed. See e.g.,
Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145
Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942
(N.D.W.Va.).

<strong><u>PROPOSAL AND RECOMMENDATION</u></strong>

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court
confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**
that the District Court **GRANT** Respondent's "Motion to Dismiss Petition" (Document No. 18),
and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is
hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank
W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and
Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days
(filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed
Findings and Recommendation within which to file with the Clerk of this Court specific written
objections identifying the portions of the Findings and Recommendation to which objection is
made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*
review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.
Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466,
88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v.
Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d

352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: August 18, 2023.

Omar J. Aboulhosn
United States Magistrate Judge